T.C. Summary Opinion 2006-99


UNITED STATES TAX COURT


MICHAEL GREGORIAN AND YOLANDA GREGORIAN a.k.a. YOLANDA TRELLES,
    Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent


    Docket No. 13787-04S.            Filed July 6, 2006.


    Michael Gregorian, pro se.

    Michael W. Berwind, for respondent.


    COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

    [1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $15,883 in petitioners' Federal income tax for 2001 and an addition to tax under section 6651(a)(1) in the amount of $1,298.75 for the late filing of petitioners' Federal income tax return for 2001.

The issues for decision are whether petitioners are (1) entitled to an itemized deduction for a casualty loss under section 165(c), (2) entitled to an itemized deduction for unreimbursed employee expenses, (3) entitled to trade or business expense deductions for rent, car and truck expenses, and other expenses under section 162(a), and (4) liable for the section 6651(a)(1) addition to tax for the late filing of their 2001 Federal income tax return.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof.

---

[2]Under sec. 7491(a), the burden of proof shifts to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Under sec. 7491(a)(2), the burden of proof does not shift if the taxpayer has not complied with the substantiation requirements with regard to any item, nor does the burden of proof shift if the taxpayer has not cooperated with reasonable requests by respondent for witnesses, information, documents, meetings, and interviews. The facts of this case do not, in the Court's view, shift the burden of proof to respondent. Under sec. 7491(c), the burden of production is on the Commissioner with respect to the late filing penalty under sec. 6651(a)(1). However, the burden of proof remains on the taxpayer to persuade the Court that the imposition of the addition to tax is incorrect. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Petitioners' legal residence at the time the petition was filed was Glendora, California.

Michael Gregorian (petitioner) was an employee of Royal Coach, Inc. of Pasadena, California, during the year at issue. Petitioner did auto body repair work for his employer.  He earned wages of $99,018.43 during 2001, which he reported as income on his joint Federal income tax return.  Additionally, petitioner was also engaged during 2001 in a self-employed trade or business activity doing the same kind of work, most of which came from car dealers.  The name of that activity was Gregorian's Automotive. As to that activity, for Federal income tax purposes, petitioners reported the income and expenses on Schedule C, Profit or Loss From Business, of their Federal income tax return.

On their joint Federal income tax return for 2001, petitioners reported the following income and expenses:

| | |
|---|---|
| Wage and salary income | $99,018 |
| Taxable refunds and credits | 141 |
| Schedule C loss | (11,434) |
| Total adjusted gross income | $87,725 |
| Schedule A, Itemized Deductions | (64,462) |
| Income (Prior to dependency exemptions and credits) | $23,263 |

On that return, petitioners claimed the following Schedule A itemized deductions:

| | |
|---|---|
| State and local taxes | $ 5,212 |
| Home mortgage interest | 17,740 |
| Casualty and theft losses | 21,127 |
| Job expenses and misc. deductions | 20,383 |
| (in excess of the sec. 67(a) limit) | |
| Total | $64,462 |

Petitioners' Schedule C claimed the following income and expenses:

| | | |
|---|---|---|
| Gross income | | $15,500 |
| Expenses: | | 26,934 |
| Advertising | $ 550 | |
| Car & truck expenses | 5,044 | |
| Rent (other business property) | 12,000 | |
| Supplies | 1,240 | |
| Other expenses | 8,100 | |
| Net loss | | ($11,434) |

In the notice of deficiency, respondent made the following adjustments to petitioners' tax return:

Schedule A:

(a) Disallowed the $21,127 casualty and theft loss.

(b) Disallowed the $20,383 job expenses and miscellaneous deductions.

Schedule C:

(a) Disallowed the $12,000 rent (other business property).

(b) Disallowed the $5,044 car and truck expenses.

(c) Disallowed the $8,100 other expenses.

The Court first considers the disallowed $21,127 for casualty and theft loss claimed as an itemized deduction on Schedule A of petitioners' return. The claimed loss was for damages to a second home petitioners owned in Hawaii resulting from a flood that was caused by a series of heavy rains. Petitioners base their casualty loss on the value of their home prior to the flood rains, which they estimated to be $240,000, and their estimated value of the property at $210,000 after the rains. The resulting diminution in value of $30,000 is the basis upon which petitioners claimed the $21,127 loss after application of the section 165(h)(1) and (2) limitations.

Petitioners described their loss as flooding from heavy rains over a period of several weeks in which water seeped into their home causing damages that petitioners repaired. Petitioners presented no documentation to show the nature and cost of the repairs, nor any appraisals of the property before and after the storms. At trial, petitioner calculated the diminution in value based upon his estimate. He admitted at trial that he "may have erred" in claiming the $21,127 loss. Petitioner also admitted making additional improvements to the property beyond the flood damages.

Section 165(a) allows as a deduction any loss sustained during the taxable year which is not compensated for by insurance or otherwise. In the case of an individual, section 165(c)(3)

allows a taxpayer to deduct any loss from casualty to the extent it exceeds $100, and the net casualty loss exceeds 10 percent of the taxpayer's adjusted gross income.  Sec. 165(h).  Section 1.165-1(b), Income Tax Regs., provides that, to be allowable as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events, and actually sustained during the taxable year, except disaster losses which, pursuant to section 165(h) and section 1.165-11(a), Income Tax Regs., may be deducted in the year preceding the disaster if the taxpayer elects.

Section 1.165-7(b)(1), Income Tax Regs., provides, in pertinent part, that the amount of the loss deductible under section 165(a) shall be the lesser of either (i) the fair market value of the property before the casualty reduced by the fair market value of the property immediately after the casualty, or (ii) the adjusted basis of the property.  Section 1.165-7(a)(2)(i), Income Tax Regs., provides that, in determining the amount of the loss, the fair market value of the property immediately before and immediately after the casualty shall generally be ascertained by competent appraisal.  The cost of repairs to the property damaged is acceptable as evidence of the loss of value if the taxpayer shows that (a) the repairs are necessary to restore the property to its condition immediately before the casualty, (b) the amount spent for repairs is not

excessive, (c) the repairs do not care for more than the damage suffered, and (d) the value of the property after the repairs does not as a result of the repairs exceed the value of the property immediately before the casualty.

Petitioners' claim and the basis upon which they make that claim fails to meet the criteria set out above entitling them to a casualty loss deduction. The Court holds that the damage they sustained did not result from a "closed and completed transaction". The damage occurred over a period of time. Moreover, if petitioners sustained an allowable casualty loss, petitioners failed to establish the amount of the loss. The Court, therefore, sustains respondent on this issue.

The second issue is petitioners' claim to an itemized deduction for unreimbursed employee expenses in the amount of $22,138 prior to the 2-percent limitation under section 67(a). Petitioners included with their return Form 2106-EZ, Unreimbursed Employee Business Expenses, on which they claimed the following expenses:

| | |
|---|---|
| Vehicle expenses | $12,213 |
| Parking fees, tolls, etc. | 725 |
| Travel expenses away from home | 4,250 |
| Business expenses | 2,240 |
| Meals and entertainment | 2,710 |
| Total | $22,138 |

The amount claimed was disallowed in full in the notice of deficiency.

Section 162 allows a deduction for ordinary and necessary expenses that are paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); Deputy v. duPont, 308 U.S. 488, 495 (1940). In the case of travel expenses and certain other expenses, such as entertainment, gifts, and expenses relating to the use of listed properties, including passenger vehicles and other property used as a means of transportation, computers, and cellular phones under section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document particularly the nature and amount of such expenses. For such expenses, substantiation of the amounts claimed by adequate records or by other sufficient evidence corroborating the claimed expenses is required. Sec. 274(d); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). These substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense

sought to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

At trial, petitioner presented no documentary evidence to substantiate the claimed expenses.  He testified that these expenses related to his employment with Marco's Auto Body and in the startup of his self-employed activity.  Petitioner, however, could not recall what some of the expenses were about.  The Court accordingly sustains respondent on this issue.

The third issue is respondent's disallowance of $12,000 in rent claimed as an expense on Schedule C relating to petitioner's self-employed activity.  Petitioner's auto repair business, Gregorian's Automotive, was conducted in a separate facility he rented that was located approximately 12 miles away from the location of his employment with Royal Coach, Inc.  He testified that he leased the building and paid $1,000 per month for rent. Petitioner presented no documentation, such as canceled checks or receipts to substantiate the $12,000.  The Court notes from the evidence that there was some degree of strain between petitioner and Royal Coach, Inc., regarding the private work of petitioner at Royal Coach's place of business.  To relieve that pressure, petitioner rented the separate facility for the purpose of operating his self-employment activity.  The Court accepts that testimony but is not prepared to allow petitioner the deduction

of $12,000 claimed to have been paid for rent due to petitioner's lack of substantiation.

Where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court in some circumstances is allowed to estimate the amount allowable. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). But see sec. 1.274-5T(a), Temporary Income Tax Regs., supra. However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, the Court bears heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. Pursuant to Cohan, the Court allows petitioner a deduction of $3,000 as rental expense in the conduct of his self-employment activity.

Petitioners also claimed on Schedule C of their return a deduction of $5,044 for car and truck expenses. Respondent disallowed the claimed deduction for the reason that the expenses related to the use of automobiles and, for such expenses, the strict substantiation rules of section 274(d) applied. Since petitioners did not maintain the necessary books and records relating to the use of the vehicles as required by section 274(d), the $5,044 claimed deduction was disallowed.

Section 274(d)(4) provides generally that no deduction or credit shall be allowed with respect to any listed property defined in section 280F(d)(4). Included as listed property under section 280F(d)(4)(A)(i) and (ii) are passenger automobiles or any other property used as a means of transportation.

At trial, petitioner testified that, as a means of establishing his business, and because of the elite clientele of some of his customers, he or his employees went to the residences or places of business of customers who either had inoperable vehicles or for personal reasons did not care to drive the vehicles themselves, and petitioner or his employees drove or towed the vehicles to petitioner's place of business for repairs. After the repairs, the cars were driven by petitioner or his employees and returned to the customer. As explained by petitioner, some of his customers were elite individuals in the entertainment industry, and some customers simply refused to drive their vehicle, even if the problem was minor, such as a nonfunctioning headlight.

Petitioner maintained no records to document this service. The expenses he incurred in providing this service comes within the record keeping requirements of sections 274(d)(4) and 280F(d)(4)(A)(i) and (ii) referred to above. The records necessary to substantiate the amounts claimed should include the dates they were incurred, the times and places they were

incurred, and the business purposes.  Sec. 274(d).  The provisions of section 274(d) preclude the allowance of any estimated amount by this Court as the Court may allow in other circumstances under Cohan v. Commissioner, supra at 543-544, even if the Court is convinced the taxpayer incurred such expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.  Respondent, therefore, is sustained on this issue.

The final issue with respect to petitioner's Schedule C self-employment activity is $8,100 deducted as "other expenses" that respondent disallowed.  In a statement attached to the return, these expenses were listed as accounting, bank charges, janitorial, laundry and cleaning, a pager, postage, printing, safety equipment, telephone, tools, and uniforms.  The Court is satisfied that petitioner incurred some of these expenses, although some of the claimed expenses are listed properties under section 280F(d)(4), and no amount is allowable as a deduction for such expenses unless proper substantiation is provided as required under section 274(d).  Petitioners did not substantiate any of the claimed expenses.  The Court is satisfied that petitioners incurred some expenses that are not subject to the strict substantiation rules of section 274, and, for such expenses, the Court allows petitioners a deduction of $2,000.

Cohan v. Commissioner, supra. In all other respects, respondent is sustained on this adjustment.

The final issue is the addition to tax under section 6651(a)(1) for the late filing of petitioners' Federal income tax return for 2001. This addition to tax does not apply if the taxpayer can show that the failure to file timely was due to reasonable cause and not due to willful neglect. Under section 6072(a), calendar year taxpayers, such as petitioners, are required to file their income tax returns by April 15, following the close of the calendar year (or the next business day if the 15th falls on a Sunday or legal holiday). In this case, petitioners twice filed and received approvals for extensions to file their 2001 return to October 15, 2002. Petitioners' 2001 return was received by the IRS on July 16, 2003. Respondent had no record of any return filed by petitioners for 2001 other than the return received on July 16, 2003.

The copy of the return offered into evidence at trial bears the dates of October 12, 2002, on the signature lines for petitioners as well as the signature line of the return preparer. The return also bears a bold stamp "Duplicate" on the front page and at the bottom on the signature page (the second page). Petitioners contend the return was mailed on or about October 12, 2002, which was within the extended date granted petitioners for

the filing of their return.  Respondent had no record of receiving that return on or near that date.

Petitioner testified he was unaware that the return had not been received and processed within a reasonable time period from the date petitioners claimed the return was mailed.  Petitioner later became concerned when he failed to receive the refund of the claimed overpayment in the amount of $10,688.  It is for that reason that petitioners mailed a return they clearly labeled as a duplicate return, which respondent received on July 16, 2003. The Court is hard-pressed to believe that a taxpayer would willfully neglect to file a timely income tax return where the taxpayer has claimed an overpayment of more than $10,000. Respondent offered no explanations to the contrary.  The Court finds, therefore, there was no willful neglect by petitioners in the late filing of their 2001 return.  That satisfies one prong of section 6651(a)(1).  The other element of section 6651(a)(1) is the taxpayer's burden of establishing that the failure to file timely was due to reasonable cause.  The Court finds petitioner's testimony credible as to the circumstances in which the duplicate return was filed.  Although petitioners produced no proof of mailing on October 12, 2002, the Court has no reason from the record to question petitioner's testimony that he acted, in the manner described, upon the advice and assistance of his return preparer.  There is no evidence that would lead the Court to

conclude otherwise.  On this record, the Court finds that petitioners mailed their return on October 12, 2002, and the failure of that return's being delivered to the IRS within a reasonable time period was due to circumstances not within petitioners' control.  The failure to file the duplicate return timely, therefore, was due to reasonable cause.  Petitioners, therefore, are sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.